BANNER *et al.*

*v.*

DINGUS *et al.*

(*Supreme Court of Appeals of Virginia, June 22, 1899.*)

[33 S. E. Rep. 530.]

### Creditors' Bill—Appointment of Receiver—Validity of.*

In a suit by judgment creditors to subject lands of the judgment debtor to the payment of their claims, it is error to appoint a receiver to rent out the lands pending the rendition of a decree in a separate suit to determine the interest of the judgment debtor in the land, where it does not appear that the judgment debtor is insolvent, and it appears that the land is worth more than the amount of the liens proven against it.

Appeal from circuit court, Russell county.

Suit by one Dingus and others against George Banner and others. There was a decree ordering that no decree as to the rights of plaintiffs should be made pending the rendition of a decree in another suit, and appointing a receiver, and in so far as the decree appoints a receiver defendants appeal. Reversed.

*White & Penn* and *W. W. Bird*, for appellants.

*J. C. Gent* and *V. B. Gilmer*, for appellees.

BUCHANAN, J., delivered the opinion of the court.

The only question involved in this appeal is whether or not

*See monographic note on "Creditors' Bills," Va. Rep. Anno.

the court erred in appointing a receiver to rent out the lands pending the litigation.

The suit was brought by the judgment creditors of the Minneapolis Improvement Company to subject the lands of that company to the payment of their debts. During the progress of the cause it was brought to the attention of the court by the answer of appellants, devisees of George Banner, that the suit of Banner v. Rosser, 31 S. E. 67, was pending in this court upon appeal, in which the rights and interest of the defendant company and the appellants in and to the lands sought to be subjected in this suit were being litigated and would be determined.

The appellants, in their answer, insisted that no decree should be rendered in this case until after the questions in that case were settled. After the answer was filed, the circuit court, upon a consideration of the case, was of opinion that no decree should be made in this case while the appeal in the other case was pending, and so ordered, but was further of opinion that the land in controversy, then in possession of the appellants, should be rented pending the litigation, and appointed a receiver for that purpose. From that portion of the decree this appeal was taken.

The ground upon which the appellees seek to justify the appointment of the receiver is that this was a bill filed by judgment creditors to subject the lands of their debtor, whose property was insufficient to pay its debts, and that it was necessary for their protection that its lands should be rented out until it could be sold to pay their debts.

If it be true, as contended by counsel for the appellants, that the record does not show that the debtor was insolvent, and that it was necessary for the protection of the appellees that the lands should be rented out, it will be unnecessary to consider the other questions discussed in the petition and brief, for there is no other ground upon which the appointment of the receiver can be sustained.

To show that the judgment debtor's property would not pay its debts, the *appellees rely upon the commissioner's report of liens made in this case, and upon the alleged admissions in the amended bill filed in the cause of Banner v. Rosser, and the evidence taken in that cause. Neither the pleadings nor the evidence taken in that case are parts of this record.

The appellants, when they filed the answer in this case, asked that the printed record in the case of Banner v. Rosser be made an exhibit with their answer; but the appellees objected to any portion of that record being filed as an exhibit, except the deeds and contracts referred to it in it. That objection was sustained. No part of that record, therefore, can be looked to upon this appeal, except the deeds and contracts referred to and allowed to be filed as exhibits with the appellants' answer.

The report of liens, the other evidence relied on to establish the debtor's insolvency and the necessity for appointing a receiver, shows that the liens reported amounted to $21,500.90, and that the annual rental value of' the land was about $500. This would tend to show that the land would not sell for as much as the liens reported. But the record shows that the land sought to be sold was part (589 acres) of an 868-acre tract of land sold and conveyed by George Banner, the testator of the appellants, to Gen. Rosser, through whom the defendant company acquired its interest in the land. In that deed, which is dated March 20, 1890, the consideration paid, and agreed to be paid, for the whole tract, was $86,800. In November, 1891, Gen. Rosser and said Banner entered into an agreement by which Banner repurchased the unsold portion of the land, consisting of 589 acres, being the same land that is sought to be subjected in this suit, in consideration of the balance of the purchase price due Banner from Rosser, which was $50,000, with interest thereon from the 15th day of October, 1890.

From these sales and conveyances it would seem that the land was worth more than the amount of the liens proved against it,—at least, the record fails to show that it was not, or that the judgment debtor was insolvent ; and, in the absence of such proof, the court erred in appointing a receiver, and to that extent the decree of the November term, 1897, of the circuit court must be reversed.